UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TIMOTHY FORTSON,**
    **Petitioner,**

  v.                            Case No. 1:22-cv-410
                                      JUDGE DOUGLAS R. COLE
**CHARLES HENNESS et al.,**    Magistrate Judge Vascura
    **Respondents.**

## ORDER

This cause is before the Court on the Magistrate Judge's July 28, 2022, Order and Report and Recommendation ("R&R," Doc. 3) advising the Court to: (1) allow Plaintiff Timothy Fortson to proceed with his Eighth Amendment excessive use of force claim against Defendants Charles Henness and J. Capella in their individual capacities (thereby tacitly recommending dismissal of the other individual-capacity claims); and (2) dismiss Fortson's official capacity claims, conspiracy claim, and property deprivation claim. (Doc. 2). For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 3).

Plaintiff Timothy Fortson, an inmate at the Warren Correctional Institution ("WCI"), initiated this proceeding on July 15, 2022, pursuant to 42 U.S.C. § 1983. (Compl., Doc. 2). Fortson alleges that prison staff violated his rights on two separate occasions. First, Fortson alleges that, on August 12, 2020, Defendant Charles Henness forcefully pinned him to a medical cart while transporting Fortson to the

medical unit. (*Id.* at #54–55). Fortson claims Henness held him so that his head hung in line with the exhaust, forcing Fortson to inhale carbon monoxide fumes. (*Id.*). Fortson further contends that, while he was still in the medical unit, Henness returned to threaten him not to discuss the incident. (*Id.* at #55). And during "pack up" of his cell following this event, Fortson contends that Henness threw away photos and personal property from his cell. (*Id.*).

Second, Fortson alleges he again was subjected to excessive force on April 20, 2022, when he requested medical aid after hitting his head. (*Id.* at #56). After injuring himself, Fortson requested to go to the medical unit. He contends that, during transport, Defendant J. Capella and another unknown officer "tossed [him] onto the gurney like a rag doll." (*Id.* at 56–57). He alleges his back landed on his handcuffed wrists, causing him to "yell[] out in pain." (*Id.*). Further, according to Fortson, once he was in the medical unit, the two officers took him past the treatment room and pushed him to the back of the unit. (*Id.*). He alleges that, once there, multiple corrections officers beat him at the direction of Henness, while Fortson remained handcuffed on the gurney. (*Id.*). Fortson does not know the names of his other assailants, but believes other (also so far unnamed) corrections officers knew of this attack and conspired to conceal it. (*Id.* at #60).

Proceeding under § 1983, Fortson filed a pro se complaint against nine WCI prison staff members in their individual and official capacities. (*Id.* at #50). Specifically, Fortson named Charles Henness, J. Capella, C. Anderson, J. Knick, B. Mann, K. Dunn, B. Starkey, N. Arentz, and J. James as defendants. (*Id.*). Read

expansively, Fortson raised three distinct grounds for relief: (1) corrections officers employed excessive force against him on two occasions, (2) corrections officers conspired to conceal evidence of Fortson's assault, and (3) corrections officers improperly took his personal property. (*Id.* at #59–60). For relief, Fortson requested compensatory and punitive damages, a declaratory ruling that the officers violated his rights, costs, and any other relief the Court deems equitable. (*Id.* at #61). Further, Fortson applied for leave to proceed in forma pauperis. (Doc. 1).

The Magistrate Judge screened the Complaint under 28 U.S.C. § 1915(e)(2). After doing so, she issued an R&R on July 28, 2022, advising the Court to dismiss all claims except the excessive force claims against Defendants Henness and Capella in their individual capacities. (Doc. 3). More specifically, because Fortson moved for leave to proceed in forma pauperis, the Magistrate Judge evaluated whether his claims could survive a motion to dismiss. (*Id.* at #65); *see* 28 U.S.C. § 1915(e)(2). The R&R found that only the two claims noted above could do so. (Doc. 3, #65). First, as to the official capacity claims, the R&R noted that Fortson sought retrospective relief, meaning that sovereign immunity barred those claims. (*Id.* at #69–70). Second, turning to the individual capacity claims, the R&R concluded that Fortson failed to state sufficient factual allegations to plausibly infer the existence of a conspiracy. (*Id.* at #71–72). Third, as to his property deprivation claim, the R&R found that Fortson failed to adequately allege the inadequacy of available Ohio law remedies, a necessary prerequisite for a federal due process-based takings claim. (*Id.* at #72–73). Fourth, in expressly identifying the two claims that *could* proceed, the R&R effectively

determined that the factual allegations were insufficient as against the seven other Defendants besides Henness and Capella. (*See id.* at #73). Finally, the Magistrate Judge also included in the R&R an Order granting Fortson's application to proceed in forma pauperis. (*Id.* at #68–69).

The R&R specifically advised the parties that failing to object within the 14 days specified in the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #74); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R & R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has passed, and no party has objected to the R&R.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases). Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). First, the Court agrees that sovereign immunity bars the official capacity claims against the Defendants because those claims seek retrospective relief, and further agrees that no exception to sovereign immunity

4

applies. *See Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017). Second, Fortson's conspiracy claim rests only on vague allegations, which fail to satisfy the pleading standard for such claims. *See Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Third, Fortson's property deprivation claim likewise fails because he never alleged, as required, that state remedies are inadequate to remedy his injury. *See Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983).

Further, the Court agrees that Fortson's Eighth Amendment claim can proceed against Defendants Henness and Capella in their individual capacities. As the R&R explained, Fortson's factual allegations, assumed true, present a plausible claim that Henness and Capella intentionally and maliciously harmed Fortson, violating his Eighth Amendment rights. (Doc. 3, #71); *see Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, Fortson's factual allegations do not accuse, by name, any other corrections officer; indeed, he concedes that he does not know his other alleged attackers' identities.[1] (Compl., Doc. 2, #58). Thus, at least based on the allegations advanced to date, Fortson has failed to state a plausible claim against C. Anderson, J. Knick, B. Mann, K. Dunn, B. Starkey, N. Arentz, or J. James. Accordingly, the Court dismisses the claims against those Defendants.

---

[1] If he does not know the officers' identities, Fortson can name "John Doe" defendants. *See Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("Where a plaintiff is temporarily unable to ascertain a defendant's actual name, the plaintiff may initially file a complaint that names an unknown defendant by using a 'John Doe' or 'Richard Roe' appellation or similar pseudonym."). Fortson must then "exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual names of" the officers. *Id.* at *3.

In short, for the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 3) and **DISMISSES** Fortson's official capacity claims, conspiracy claim, and property deprivation claim. Further, the Court **DISMISSES** all Defendants other than Charles Henness and J. Capella.

**SO ORDERED.**

September 29, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**