UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY FORTSON,

        **Plaintiff,**

   v.                                          Civil Action 1:22-cv-410
                                                    Judge Douglas R. Cole
                                                    Magistrate Judge Chelsey M. Vascura

**LT. CHARLES HENNESS,** *et al.***,**

        **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, Timothy Fortson, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against several corrections officers employed at Warren Correctional Institution ("WCI"), alleging that Defendants employed excessive force and were deliberately indifferent to Plaintiff's serious medical needs in violation of his constitutional rights. The Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3); accordingly, this matter is before the Court for the initial screen of Plaintiff's Amended Complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, Plaintiff **MAY PROCEED** on his excessive force claims against Defendant Henness in his individual capacity arising from the August 2020

incident and against Defendants Anderson, Capella, and Mann in their individual capacities arising from the April 2022 incident. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims pursuant to 28 U.S.C. §§ 1915A and 1915(e).

## I. BACKGROUND

Plaintiff's Amended Complaint alleges two incidents of excessive force. Plaintiff first alleges that Defendant Charles Henness used excessive force by pinning Plaintiff against the side of a medical cart such that Plaintiff was hanging over the side of the moving cart and hit his head. Plaintiff could smell only exhaust fumes through his mask. (Am. Compl. ¶¶ 7–8, ECF No. 15.)

Plaintiff further alleges that in April 2022, Plaintiff called for medical assistance after falling from his bed and hitting his head. Several corrections officers responded. Plaintiff alleges that Defendants Anderson and Capella used unnecessary force by tossing Plaintiff onto a medical cart, such that Plaintiff landed painfully on his cuffed hands. Plaintiff further alleges that Defendant Mann pushed Plaintiff's leg over Plaintiff's head while Plaintiff screamed. Plaintiff then alleges that Defendant Henness ordered Defendants Knick, Anderson, and Capella to shackle Plaintiff, in the course of which Defendant Knick "[did] something to [Plaintiff's] right lower shin," which "may have left a hole in [Plaintiff's] leg." Plaintiff further alleges that Defendants ignored his serious head wound and concussion and left him in cuffs and shackles for more than fifteen minutes. (*Id.* ¶¶ 9–14.) Plaintiff also names Corrections Officer Starkey as a Defendant involved in the April 2022 incident, but Plaintiff does not allege any specific action by Starkey other than generally alleging he engaged in "the use of force." (*Id.* ¶ 12.)

Plaintiff's Amended Complaint seeks compensatory and punitive damages.

2

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

3

*See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

The undersigned construes Plaintiff's Amended Complaint to advance claims for excessive force arising out of the August 2020 and April 2022 incidents and claims for deliberate indifference to serious medical needs arising out of the April 2022 incident. The undersigned considers each claim in turn.

**A.     Excessive Force**

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain against prisoners. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). To make out a claim under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component. *Id.* (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir.1993)).

The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Yet the seriousness of the injuries is not by itself dispositive. *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

The subjective component focuses on the state of mind of the prison officials. *Williams*, 631 F.3d at 383. The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 449 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

Accepting Plaintiff's allegations as true, the undersigned finds that Plaintiff has plausibly alleged excessive force claims against Defendant Henness in his individual capacity arising from

the August 2020 incident and against Defendants Anderson, Capella, and Mann in their individual capacities arising from the April 2022 incident. Plaintiff therefore **MAY PROCEED** on these claims.

Plaintiff has not, however, alleged any specific actions by Defendant Henness in connection with the April 2022 incident that could satisfy the objective component of an excessive force claim. Plaintiff's allegations regarding Henness in connection with the April 2022 incident are limited to Henness's order for Plaintiff to be shackled. In the absence of any allegations that the shackling caused pain, lasting injury, or was inflicted in a manner "repugnant to the conscience of mankind," this type of *de minimis* use of physical force is "necessarily exclude[d] from constitutional recognition." *Hudson*, 503 U.S. at 9–10 (quoting *Whitley,* 475 U.S. at 327).

Further, Plaintiff alleges only that Knick did "something" to his shin, and alleges no specific conduct on the part of Starkey. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Neither do allegations that an individual defendant "was present and perhaps involved in [the plaintiff's] restraint," without allegations as to the unconstitutionality of the individual defendant's actions. *Lanman*, 529 F.3d at 684.

6

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims for excessive force against Defendants Knick, Starkey, and Henness in connection with the April 2022 incident.

B.  **Deliberate Indifference to Serious Medical Need**

The undersigned construes Plaintiff's Amended Complaint to advance an Eighth Amendment medical indifference claim arising from the fifteen-minute delay of medical care to treat Plaintiff's April 2022 head injury. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). As with Plaintiff's claims for excessive force, a claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett*, 414 F. App'x at 787–88; *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." (citations omitted)).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

7

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). "In examining whether a claimed injury is 'sufficiently serious'" to sustain a claim for deliberate indifference, "courts look to the *effect* of any delay in treatment caused by an officer's inaction." *Vaughn v. City of Lebanon*, 18 F. App'x 252, 274 (6th Cir. 2001) (emphasis in original). Specifically, a plaintiff "who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* (citing *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)).

Here, Plaintiff has not alleged any detrimental physical effect from the fifteen-minute delay in medical care to treat his head injury. It is therefore **RECOMMENDED** that this claim be **DISMISSED** against all Defendants.

## IV. DISPOSITION

For the foregoing reasons, Plaintiff **MAY PROCEED** on his excessive force claims against Defendant Henness in his individual capacity arising from the August 2020 incident and against Defendants Anderson, Capella, and Mann in their individual capacities arising from the April 2022 incident. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims pursuant to 28 U.S.C. §§ 1915A and 1915(e).

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE