UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TIMOTHY FORTSON,**

    **Plaintiff,**

  v.                             **Civil Action 1:22-cv-410**
                                    **Judge Douglas R. Cole**
**LT. CHARLES HENNESS,** *et al.*,      **Magistrate Judge Chelsey M. Vascura**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Timothy Fortson, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against several corrections officers employed at Warren Correctional Institution ("WCI"), alleging that Defendants employed excessive force and were deliberately indifferent to Plaintiff's serious medical needs in violation of his constitutional rights. Defendants Henness, Anderson, Capella, and Mann have moved for summary judgment. (ECF No. 22.) For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **DENIED**.

### I.    BACKGROUND

Plaintiff's Verified Amended Complaint alleges two incidents of excessive force. Plaintiff first alleges that Defendant Charles Henness used excessive force by pinning Plaintiff against the side of a medical cart such that Plaintiff was hanging over the side of the moving cart and hit his head. Plaintiff could smell only exhaust fumes through his mask. (Am. Compl. ¶¶ 7–8, ECF No. 15.)

Plaintiff further alleges that in April 2022, Plaintiff called for medical assistance after falling from his bed and hitting his head. Several corrections officers responded. Plaintiff alleges that Defendants Anderson and Capella used unnecessary force by tossing Plaintiff onto a medical cart, such that Plaintiff landed painfully on his cuffed hands. Plaintiff further alleges that Defendant Mann pushed Plaintiff's leg over Plaintiff's head while Plaintiff screamed. Plaintiff then alleges that Defendant Henness ordered Defendants Knick, Anderson, and Capella to shackle Plaintiff, in the course of which Defendant Knick "[did] something to [Plaintiff's] right lower shin," which "may have left a hole in [Plaintiff's] leg." Plaintiff further alleges that Defendants ignored his serious head wound and concussion and left him in cuffs and shackles for more than fifteen minutes. (*Id.* ¶¶ 9–14.) Plaintiff also names Corrections Officer Starkey as a Defendant involved in the April 2022 incident, but Plaintiff does not allege any specific action by Starkey other than generally alleging he engaged in "the use of force." (*Id.* ¶ 12.)

On January 25, 2023, the undersigned screened Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915 and 1915A and recommended that the Court dismiss all of Plaintiff's claims except for his excessive force claims against Defendant Henness in his individual capacity arising from the August 2020 incident and against Defendants Anderson, Capella, and Mann in their individual capacities arising from the April 2022 incident. (ECF No. 16.) That Report and Recommendation remains pending. On May 3, 2023, the deadline for filing dispositive motions, Defendants filed the present Motion for Summary Judgment. (ECF No. 22.) Defendants contend that the record evidence—namely, the Use of Force reports associated with the August 2020 and April 2022 incidents and associated medical records—preclude Plaintiff from succeeding on his claims of excessive force.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (cleaned up); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts; there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (cleaned up); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

### III.   ANALYSIS

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain against prisoners. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). To make out a claim under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component. *Id.* (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir.1993)).

The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Yet the seriousness of the injuries is not by itself dispositive. *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (cleaned up). "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

The subjective component focuses on the state of mind of the prison officials. *Williams*, 631 F.3d at 383. The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 449 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

**A.     Objective Component**

Defendants contend that they are entitled to summary judgment because the Use of Force reports and associated medical records prevent Plaintiff from satisfying the objective component of his Eighth Amendment claim. (*See* Mot. 7, 9, ECF No. 22) ("Objectively, Plaintiff did not suffer the injuries he claims to have suffered in his complaint."). Defendants rely primarily on reports of medical examinations that were conducted shortly after each incident. (*See* Aug. 12, 2020 Nursing Medical Exam Report, ECF No. 24-2, at PAGEID #272; Apr. 20, 2022 Nursing

4

Medical Exam Report, ECF No. 24-3, PAGEID #303.) According to Defendants, the August 2020 examination "revealed that Plaintiff did not suffer any injuries at all" and Plaintiff instead was "stuporous," "alternately crying, then euphoric and giggling," and apparently unable to remember the incident at the time, saying "Did I hurt somebody? I hope I didn't hurt anybody." (Mot. 7, ECF No. 22.) Later that day, Plaintiff also stated in his Inmate Use of Force Statement that "everything's good, I don't remember much, I hope things are fine with inmates and C/O's involved." (ECF No. 24-2, PAGEID #273.) As to the April 2022 incident, which occurred after Plaintiff fell from his bunk and hit his head, Defendants similarly contend that the medical exam "revealed only superficial bruises on the wrists and ankles." (Mot. 9, ECF No. 22.) Defendants also suggest that Plaintiff "did not appear to be in any serious pain as he was observed 'laughing and stumbling between the officers.'" (*Id.*, quoting Apr. 20, 2022 Nursing Medical Exam Report, ECF No. 24-3, PAGEID #303.) Defendants contend that "Plaintiff was then admitted to an infirmary cell for observation due to suspected intoxication with staples for the laceration when he was able to cooperate with directives." (*Id.*)

As an initial matter, the Court does not share Defendants' view of the medical reports. The August 2020 report does not make any finding that Plaintiff was completely uninjured. And the injuries that Plaintiff alleges in his Amended Complaint—that he struck his head and was forced to inhale exhaust fumes—are not inconsistent with his labile emotional state and his immediate inability to remember the incident. Further, as to the April 2022 incident, Defendants omit from their briefing that the medical exam revealed that Plaintiff's "calf is significant for a bruise/hematoma," which is consistent with Plaintiff's allegation that Defendant Mann pushed on Plaintiff's leg, causing him to scream in pain.

5

But more importantly, even if the reports conclusively established no lasting injury to Plaintiff, the severity of Plaintiff's injuries is not dispositive for Eighth Amendment purposes. *See Cordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014). "Injury and force [ ] are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38. Accordingly, the United States Supreme Court has held it is error to dismiss a claim for excessive force under the Eighth Amendment based on the *de minimis* nature of the plaintiff's injuries. *Id.* at 40. The relatively non-serious nature of Plaintiff's injuries therefore does not warrant summary judgment in favor of Defendants.

**B.    Subjective Component**

Defendants also contend that Plaintiff cannot satisfy the subjective component of his Eighth Amendment claims, because Defendants applied only the amount of force necessary to safely transport Plaintiff to medical treatment. (Mot. 8–10, ECF No. 22.) As to the August 2020 incident, Defendant Henness states that he responded to a fight call, where he observed Plaintiff acting "unnatural." (Aug. 2020 Henness Use of Force Report, ECF No. 24-2, PAGEID #261.) Henness further observed that Plaintiff's "speech was slurred and his gait was off." (*Id.*) Henness then guided Plaintiff to the nearest bench to wait for a medical cart. (*Id.*) After the medical cart arrived, Henness helped Plaintiff on the back of the cart. (*Id.*) On the way to medical, Henness contends that Plaintiff began to dry heave which caused Henness to guide Plaintiff's upper torso towards the outside of the cart so he would not vomit on Henness. (*Id.*) Henness stated that after Plaintiff finished vomiting, he "became aggressive with the guidance away from the cart" and would not let go of Henness' hand. (*Id.*) Henness stated that he "had to utilize slight force" to

6

free his hand. (*Id.*) Once they arrived at medical, Henness left the area to deescalate the situation. (*Id.*)

As to the April 2022 incident, Defendants Anderson, Cappella, and Mann stated that they responded to a medical emergency in Plaintiff's cell. (Use of Force Report, ECF No. 24-3, PAGEID #283, 288, 291.) Upon arrival, Defendants described Plaintiff as appearing intoxicated and bleeding from the head. (*Id.*) Defendants placed Plaintiff in hand restraints and assisted him to the medical cart for transport. (*Id.*) Defendants stated that they assisted Plaintiff on the cart, but he became more uncooperative and started flailing his legs. (*Id.*) Defendants contend that, for officer and inmate safety, Plaintiff's legs were held down and placed in leg restraints. (*Id.*)

To be sure, these accounts contradict Plaintiff's allegations that the force used was unnecessary. But presentation of contradictory evidence is not sufficient to obtain summary judgment; rather, Defendants must demonstrate that "no genuine issue of material fact exists." *Stansberry*, 651 F. 3d at 486. Indeed, "[i]n reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited. Rather, the evidence should be viewed in the light most favorable to the non-moving party." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005).

Viewing the evidence in the light most favorable to Plaintiff, the undersigned finds that Plaintiff has provided evidence, by way of his verified allegations in his Amended Complaint, of sufficiently serious force that was not applied in a good-faith effort to maintain or restore discipline. *See, e.g.*, *Hooks v. Hooks*, 771 F.2d 935, 946 (6th Cir. 1985) (to the extent its allegations are based on personal knowledge, a verified complaint satisfies the requirements of Rule 56(e) as an opposing affidavit). According to Plaintiff's verified allegations, Defendant Henness unnecessarily pinned him to a medical cart in such a way to cause Plaintiff to strike his

7

head and inhale exhaust fumes, and Defendants Anderson and Capella used unnecessary force by tossing Plaintiff onto a medical cart, such that Plaintiff landed painfully on his cuffed hands. Plaintiff further alleges that Defendant Mann pushed Plaintiff's leg over Plaintiff's head while Plaintiff screamed in pain. Although Defendants argue that events unfolded differently, such that the use of force was reasonable and appropriate, the Court must accept Plaintiff's verified allegations as true at the summary judgment stage.[1] Accordingly, Defendants have not demonstrated the absence of a genuine issue of material fact as to the subjective component of Plaintiff's Eighth Amendment excessive force claims.

## IV. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (ECF No. 22) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

---

[1] There are additional disputes of fact, such as whether Plaintiff actually vomited during the August 2020 incident, or whether Plaintiff was actually intoxicated during the April 2022 incident. However, the undersigned does not find these factual disputes relevant to either the objective or subjective component of the Eighth Amendment excessive force analysis.

8

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                               */s/ Chelsey M. Vascura*
                                               CHELSEY M. VASCURA
                                               UNITED STATES MAGISTRATE JUDGE